GRAHAM et al. v. LOUISVILLE TRANSIT CO. et al.

Court of Appeals of Kentucky.

Nov. 30, 1951.

Tilford, Wetherby, Dobbins & Boone, Woodward, Hobson & Fulton, Louisville, for appellants.

Bullitt, Dawson & Tarrant, Louisville, for appellees.

CULLEN, Commissioner.

In an action against a representative group of its preferred shareholders, and a representative group of its common shareholders, Louisville Transit Co. and its board of directors sought a declaration as to the right of the company to pay dividends out of a surplus that was created upon the organization of the company. The circuit court held that (1) dividends accrued on the preferred stock as of October 1, 1951, may be paid out of the surplus to the extent the earnings of the company since its organization were insufficient for the purpose; (2) dividends accruing on the preferred stock subsequent to October 1, 1951, may in the future be paid out of the surplus to the extent that the surplus is not needed in the conduct of the company's business and to the extent that the earnings of the company are insufficient for the purpose, and such dividends may be paid without paying any dividend on the common stock; and (3) dividends on the common stock may be paid out of the surplus, to the extent that the surplus is not needed in the conduct of the company's business and to the extent that the earnings of the company are insufficient for the purpose, but that such dividends on the common stock may not be paid out of the surplus unless all dividends accumulated on the preferred stock to the most recent quarterly dividend date have been paid, or declared and the payment adequately provided for; however, when the dividends on the preferred stock have been so paid or provided for, dividends on the common stock may be paid out of the surplus without regard to the amount paid on the preferred stock.

The preferred shareholders and the common shareholders have appealed from the judgment. The preferred shareholders contend that dividends may be paid on the common stock, out of the surplus, only to the extent that the surplus exceeds the total par value of all the preferred stock. The common shareholders contend that any payment of dividends out of the surplus must be on an equitable basis, in proportion to the respective holdings of common and preferred stock, and that if any dividend is paid out of the surplus on the preferred stock, a dividend also must be paid on the common stock. Each class of stock also makes a mild claim to a proportionate preference over the other class in the payment of dividends out of the surplus.

A brief statement of the history of Louisville Transit Co. is necessary to an understanding of the issues in the action.

Louisville Transit Co. is a new Kentucky corporation that grew out of a consolidation of The Louisville Railway Company and the Capital Transit Company, both of which were Kentucky corporations. The new corporation came into existence on May 7, 1951. The consolidation was approved in Donahue v. Heuser, Ky., 239 S.W.2d 238.

Immediately prior to the consolidation, The Louisville Railway Company had outstanding, 32,954 shares of preferred stock, with a par value of $100 per share. The stock had a five percent per annum dividend preference, payable "out of the net earnings of the company," and the dividends were cumulative. There was no right of preference on dissolution. No dividends had been paid since 1930, and the arrearage of cumulative dividends amounted to $100 per share. There were 80,942 shares of common stock, with a par value of $100 per share, on which no dividends had been paid since 1930.

In 1941, the railway company had created a capital deficit of almost $9 million by reducing the book value of its operating properties, because of obsolescence, and by writing off abandoned property. Earnings and profits subsequent to 1941, in the amount of almost $4 million, had reduced the deficit so that at the time of consolidation the deficit was $4,890,969.

Immediately prior to the consolidation, Capital Transit Company had outstanding, 50 shares of common stock with a par value of $100 per share, of which 40 shares were owned by The Louisville Railway Company. Capital Transit Company had a surplus of $8,936.

In the consolidation, each share of preferred stock of The Louisville Railway Company (having a par value of $100 and a dividend arrearage of $100) was exchanged for $2.50 in cash and one share of preferred stock of Louisville Transit Co., with a par value of $80. Each share of common stock of the railway company (having a par value of $100), was exchanged for one share of common stock of Louisville Transit Co., with a par value of $10. Each publicly-owned share of common stock of Capital Transit Company (having a par value of $100) was exchanged for ten shares of common stock of Louisville Transit Co.

As a result of the reduction of capital stock accomplished in the consolidation, Louisville Transit Co. came into existence with a surplus of $2,950,442.55. That is the surplus which is involved in this action.

The preferred stock in Louisville Transit Co. is entitled to a five percent annual dividend, payable quarterly, "out of funds legally available for the payment of dividends," and cumulative after April 1, 1950, in preference to dividends on the common stock. The preferred stock also is entitled to a preference on dissolution, in an amount equal to all accrued, unpaid dividends, and an amount equal to twice the amount per share paid to the common shareholders, not to exceed a maximum of $80 per share. The preferred stock is redeemable at par plus accrued, unpaid dividends.

Between the time of organization of Louisville Transit Co. and the time of bringing the action, the company realized earnings and profits in the amount of $128,-997. The accrued dividends on the preferred stock amounted to $197,724. Thus, the basis for an actual controversy existed as to the right to pay, out of the surplus, the amount by which the earnings were insufficient to meet the accrued dividends.

It is alleged in the petition, and not denied in the answer, that at the present time, the portion of the surplus proposed to be distributed in dividends is not needed in the conduct of the company's business.

Reaching now the issues raised on the appeal, it appears at the outset that all parties agree that the surplus is available for distribution among the stockholders; the only controversy being as to respective rights of the preferred and the common shareholders in such distribution. The company and its board of directors contend that the surplus is available for the payment of dividends the same as if it had been accrued by earnings of the company since its organization. The preferred stockholders maintain that the surplus is a "paid-in" surplus and that by reason of their rights to preference on dissolution, they are entitled to have set aside and preserved, before the payment of any dividends on the common stock, an amount equal to the total par value of all the preferred stock. The common stockholders take the position that the surplus is distributable, not in the form of dividends, but in the way of a distribution of *capital,* and that the distribution must be on an equitable basis, either in proportion to the respective "contributions" made by the two classes of stockholders in the exchange of the old stock for the new, or in proportion to the respective holdings of common and preferred stock. However, it appears that the common stockholders are primarily interested in overcoming the contention of the preferred stockholders, and they do not strongly urge any right other than their right to receive a dividend too, if the preferred stockholders are given a dividend.

We have been cited to no authority, and have been unable to find any, on the specific question of the status, and availability for payment of dividends, of a surplus created upon the organization of a consolidated corporation, through a reduction in the capital of the consolidating corporations. However, a closely analogous situation was presented in Haggard v. Lexington Utilities Co., 260 Ky. 261, 84 S.W.2d 84, in which a corporation translated a deficit into a surplus by means of a reduction of its capital stock. In that case the capital of the corporation became impaired by reason of losses on investments. The amount of the impairment was $1,700,000. Subsequently,

the corporation reduced its capital stock, as a result of which a surplus was created. Between the time the capital became impaired and the time of the reduction of the stock, the corporation had net earnings of $200,000, which were included in the surplus. This Court held that the $200,000 constituted "earned surplus" and was available for the payment of dividends, subject to no restrictions except as set forth in the articles of incorporation.

We discern no distinction in principle between the situation in the Haggard case and that in the instant case. The fact that the instant case involves a new corporation, whereas in the Haggard case the old corporation continued in existence, does not suggest a basis for distinction, where in both cases the source of the surplus was earnings. It is admitted in this case that The Louisville Railway Company between the time its capital became impaired in 1941, and the time of the consolidation in 1951, had net earnings of almost $4 million, which is substantially in excess of the surplus that was created on organization of the new corporation.

If the surplus of the Louisville Transit Co., under authority of the Haggard case, is "earned surplus," then the contentions of the preferred and common stockholders, as to their respective preferences in the surplus, must fail. The argument of the preferred shareholders is predicated on the theory that the surplus is a "paid-in" surplus resulting from a reduction of capital stock. The argument of the common stockholders is that the surplus is the equivalent of contributed capital. Actually, the common shareholders take inconsistent positions in their argument, because they contend that the surplus is not "capital" within the meaning of KRS 271.265, prohibiting the payment of dividends out of capital, yet they argue that the surplus should be distributed on the same basis as if it were capital.

■ It is clear that the only rights possessed by the shareholders in Louisville Transit Co. are those given them under the articles of incorporation. As we said in Donohue v. Heuser, Ky., 239 S.W.2d 238,

243: "* * * As a matter of fact, a consolidation extinguishes every right a shareholder had in or against the constituent corporations because they themselves are effectively dissolved. Even if the rights of stockholders in the new corporation are in the same terms as in the old corporations, they are different rights. * * *"

The only reason for looking behind the organization of the new corporation is to determine the character of the surplus created upon the organization. Upon so looking behind, we find that the surplus, under authority of the Haggard case, may be characterized as "earned surplus. Therefore, regardless of who might have been entitled to the earnings had the old corporation continued to exist, the surplus of the new corporation, attributable to such earnings, is distributable on the same basis as if the surplus had been derived entirely from earnings of the new corporation, and the respective rights of the shareholders of the new corporation, in the distribution, are as provided in the articles of incorporation.

■ If we do not look behind the organization of the new corporation, but consider only what happened at the time of organization, the surplus would fall in the class of a paid-in surplus resulting from the receipt of assets, upon issuance of the stock of the corporation, in excess of the par value of the stock. There is ample authority for the proposition that premiums realized from the sale of stock may be regarded as profits out of which dividends may be paid. 13 Am.Jur., Corporations, § 662, p. 658; 18 C.J.S., Corporations, § 462, p. 1101.

The preferred shareholders, in support of their contention that portions of the surplus equal to the par value of their stock must be set aside as a reserve, cite a note in 31 Columbia Law Review, at page 851, to the effect that a paid-in surplus resulting from a reduction of capital stock should be held as security for the payment of the principal and dividends of the preferred stock, where the preferred stock is non-voting and has a preference on dissolution. The answer to this is found in the fact that if the organization of the Louisville Transit Co. is

looked behind, the surplus takes the character of an earned surplus, under the Haggard case; and if the organization of the new corporation is not looked behind, the surplus is not one created by a reduction of capital stock, but rather is one created by the sale of stock above par. Also, the preferred stock of The Louisville Railway Company had voting rights, and did not have a preference on dissolution, so the factual situation on which the law review note is predicated does not exist here.

Under the articles of incorporation of the Louisville Transit Co., dividends on the preferred stock are payable out of "any funds legally available for the payment of dividends." The articles place no restriction on the payment of dividends on the common stock, other than that the dividends on the preferred must first be provided for. So there is no contractual inhibition to the treatment of the surplus as a simple earned surplus for the purpose of dividend payments.

The governing statute, KRS 271.-265, does not limit dividend sources to current earnings. The only restrictions imposed by the statute are that dividends may not be declared or paid if the corporation is insolvent or if the payment would render the corporation insolvent or would diminish the amount of the "capital" of the corporation. We think it is clear that "capital," as used in this statute, means capitalized assets, and has the same meaning as "capital stock." The surplus of the Louisville Transit Co. is not "capital" within the meaning of the statute.

It perhaps should be noted that no creditors of the corporation are involved in this action. According to the pleadings, the surplus is a bona fide surplus, in that the real value of the assets of the corporation is equal to the book value. The judgment of the circuit court authorizes the use of the surplus for the payment of dividends when the amount paid "is not needed in the conduct of Louisville Transit Co.'s business." We construe this to include the meaning that the surplus must be a bona fide surplus based on real values.

The judgment is affirmed.